UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NICOLE R. WISSMACH, individually and as Special Administrator of the Estate of Matthew Wissmach,<br>        Plaintiff,<br><br>v.<br><br>MIHM BROTHERS, INC., *et al.*,<br>        Defendants. | No. 22 CV 50427<br>Judge Iain D. Johnston |

**ORDER**

      This case involves a motor vehicle accident that resulted in the death of plaintiff Nicole Wissmach's husband. Before the Court is a Report and Recommendation from Magistrate Judge Schneider. Dkt. 41. In it, she recommends that this Court grant a motion to dismiss filed by the two named defendants, Mihm Brothers, Inc. and Mihm Tractor Leasing, Inc., because the parties have reached an agreement to settle. She recommends dismissal not only of the claims the plaintiff brought against those two defendants, but also "[a]ny and all claims that were or could have been brought" by Ms. Wissmach, not only in the roles in which she sued (individually and as Special Administrator of the estate of her late husband), but also as the guardian of the estates of her four minor children, and against not only the two named defendants but also a host of "other MIHM entities and individuals related to any MIHM entity." Report and Recommendation [41] at 1. *See Matter of VMS Ltd. Partnership Securities Litig.*, No. 90 CV 2412, 1991 U.S. Dist. LEXIS 9624 (N.D. Ill. July 16, 1991) (dismissing claims asserted and that could have been asserted based on the allegations in the complaint with prejudice pursuant to a settlement). Judge Schneider allowed 14 days for objections. To date, no objections have been filed. To the contrary, the plaintiff has responded to the Report and Recommendation asking this Court to adopt it. *See* Dkts. 43 and 44.

      Because the settlement involves minors, a court must protect the interests of the minors by determining whether the settlement is fair to them. "Under Illinois law, a minor is a ward of the court when he is involved in litigation, and the court has a duty and broad discretion to protect the minor's interests." *Smith v. Smith*, 358 Ill. App. 3d 790, 792 (4th Dist. 2005) (internal quotation marks and citation omitted). Attached to the motion to dismiss is the written decision of a judge of the Circuit Court of the Fifteenth Judicial Circuit, Ogle County, Illinois, detailing the total amount of the settlement, $3,000,000, of which $1,700,000 will go to purchase annuities for the benefit of the minor children through their thirtieth birthdays. The Court has reviewed the description of settlement agreement and the proposed annuities and found them to fairly protect the minors' interests. The Court therefore adopts the Report and Recommendation that the settlement be found to be fair to the minors.

The motion also asks for court approval of the settlement agreement under the Illinois Joint Tortfeasor Contribution Act. Based upon its review of the state court order, this Court finds that the settlement agreement was reached in good faith as that phrase is used in the Joint Tortfeasor Contribution Act, *see* 740 ILCS § 100/2(c), and therefore also adopts that portion of the Report and Recommendation.

Having agreed with Magistrate Judge Schneider's recommendation that the settlement be found to be fair to the minors and reached in good faith, the Court accepts the Report and Recommendation [41] and grants the defendants' unopposed motion to dismiss [40]. The following claims are dismissed with prejudice as agreed by the parties, without an award of costs or fees:

1. any and all claims that were or could have been brought by Plaintiff, individually, as Administrator of the Estate of MATTHEW WISSMACH, Deceased, and as Guardian of the Minors' Estates of E.W., A.W., T.W., and M.W., against Defendants, MIHM BROTHERS, INC. and MIHM TRACTOR LEASING, INC., as well as all other MIHM entities and individuals related to any MIHM entity, including, MIHM INVESTMENTS, LLC; MIHM MARKETING CORP.; MIHM OIL INC.; S & C MIHM LEASING INC.; MIHM BROTHERS INC.; MIHM BROKERAGE, INC.; MIHM TRANSFER INC.; MIHM TRANSPORTATION COMPANY, SCOTT MIHM; CARY MIHM; and driver, PAUL KEASER, INDIVIDUALLY and AS AGENT OF ANY ENTITY; and

2. any and all future actions/claims/Complaints for contribution or otherwise against Defendants, MIHM BROTHERS, INC. and MIHM TRACTOR LEASING, INC., as well as all other MIHM entities and individuals related to any MIHM entity, including, MIHM INVESTMENTS, LLC; MIHM MARKETING CORP.; MIHM OIL INC.; S & C MIHM LEASING INC.; MIHM BROTHERS INC.; MIHM BROKERAGE, INC.; MIHM TRANSFER INC.; MIHM TRANSPORTATION COMPANY, SCOTT MIHM; CARY MIHM; and driver, PAUL KEASER, INDIVIDUALLY and AS AGENT OF ANY ENTITY, pertaining to or in any way related to this litigation/the subject occurrence.

The clerk is directed to terminate this civil case.

Date: October 23, 2023       By: _____
                                                          Iain D. Johnston
                                                          United States District Judge